MICHAEL A. LADRA, State Bar No. 64307
DAVID H. KRAMER, State Bar No. 168452
MICHAEL B. LEVIN, State Bar No. 172329
CHRISTOPHER R. PARRY, State Bar No. 209858
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff
PLUMTREE SOFTWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIVISION

C 04 2777     HRL

| | |
|---|---|
| PLUMTREE SOFTWARE, INC., a Delaware corporation, | CASE NO.: |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF |
| v. | |
| DATAMIZE, L.L.C., a Wyoming limited liability corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Plumtree Software, Inc. ("Plumtree") hereby avers for its Complaint against defendant Datamize, L.L.C. ("Datamize") as follows:

1. This is an action for a declaratory judgment that Plumtree does not infringe any valid and enforceable claim of United States Patent Nos. 6,460,040 (the "'040 patent") and 6,654,418 (the "'418 patent") (collectively, the "patents in suit"), copies of which are attached hereto as Exhibits A and B respectively. On information and belief, Datamize is the assignee of

---

COMPLAINT BY PLUMTREE SOFTWARE, INC.      -1-      C:\NrPortbl\PALIB1\CSOD\2485079_1.DOC

the patents in suit. This action is filed pursuant to 28 U.S.C. §§2201 and 2202 for the purpose of resolving an actual and justiciable controversy between the parties hereto.

## THE PARTIES

2. Plumtree is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in San Francisco, California.

3. Plumtree alleges on information and belief that Datamize is a limited liability corporation organized and existing under the laws of the State of Wyoming with a principal place of business in Florence, Montana.

4. Datamize asserts that it is the owner of the '040 patent and '418 patent.

5. The '040 patent and '418 patent both issued from patent applications that are continuations of Application No. 08/810,949 filed on February 27, 1997, which issued as Patent No. 6,014,137 (the "'137 patent").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent statutes of the United States, 35 U.S.C. § 1 *et seq*.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and/or 1400(b) because, *inter alia*, a substantial part of the events giving rise to the claim occurred here, and, on information and belief, Datamize resides here for purposes of the venue statutes since it is subject to personal jurisdiction in this district.

8. Datamize has admitted that personal jurisdiction and venue are proper in this district. In *Datamize L.L.C. v. Plumtree Software, Inc.*, C02-05693 VRW (case title reflects realignment of the parties), an action involving the '137 patent, Datamize did not contest jurisdiction or venue and availed itself of the jurisdiction of this Court by filing a counterclaim against Plumtree for infringement of the '137 patent.

## INTRADISTRICT ASSIGNMENT

9. This is an action arising under the patent statutes, and, therefore, according to Civil Local Rule 3-2(c), it may be assigned on a district-wide basis.

## FACTUAL BACKGROUND

10. By a complaint filed on or about May 17, 2002 in United States District Court for the District of Montana, Datamize accused Plumtree of infringing the '137 patent (the "Montana action"). Plumtree filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue to the Northern District of California. On November 25, 2002, Magistrate Judge Leif Erickson recommended that Plumtree's motion to dismiss be granted, and therefore that the motion to transfer be dismissed as moot. On July 7, 2003, Chief Judge Donald W. Molloy adopted in full the recommendations of Judge Erickson and dismissed the case for lack of personal jurisdiction.

11. On December 4, 2002, Plumtree filed an action for declaratory judgment of non-infringement of any valid and enforceable claim of the '137 patent against Datamize in the Northern District of California based on a reasonable apprehension of suit flowing from the Montana action. *See Datamize L.L.C. v. Plumtree Software, Inc.*, C02-05693 VRW.

12. While the litigation in *Datamize L.L.C. v. Plumtree Software, Inc.*, C02-05693 VRW has been limited to the '137 patent, Datamize has sued various entities for infringing the '040 patent and the '418 patent. For instance, Datamize has sued Fidelity Brokerage Services, Scottrade, Inc., Interactive Brokers Group, L.L.C., Instinet, L.L.C., Charles Schwab & Co., Inc., Cybertrader, Inc., E*Trade Securities, Inc., TradeStation Securities, Inc., and Terra Nova Trading L.L.C. in the Eastern District of Texas for infringement of the '040 patent and '418 patents. *See Datamize, L.L.C v. Fidelity Brokerage Services, et al.*, 2-03C-321 DF. In that action, Datamize has conceded that the '137 patent is similar to the '040 patent and the '418 patent.

13. The '040 patent and '418 patent share a common specification with the '137 patent. Given the similarity and common ancestry of the '137 patent and the patents in suit, coupled with Datamize's filing of patent infringement actions based on the '040 patent and the '418 patent, and the fact that Datamize has sued Plumtree for infringement of the '137 patent, Datamize has created a reasonable apprehension on Plumtree's part that Datamize will sue it for infringement of the '040 patent and the '418 patent. With respect to the '040 patent in particular,

Datamize has sent a letter to Plumtree accusing it of infringing the claims of a continuation patent application that became the '040 patent. A true and correct of this letter is attached hereto as Exhibit C.

14. As a result of Datamize's actions, Plumtree is under a reasonable apprehension of legal action in a court of competent jurisdiction, so there exists an actual and justiciable controversy between the parties hereto.

## COUNT I

### (Noninfringement)

15. Plumtree incorporates by reference paragraphs 1-14 as if fully set forth herein.

16. Plumtree has not directly or indirectly infringed, and is not infringing, any valid and enforceable claim of the '040 patent and not induced any other party to infringe the '040 patent. Plumtree has not directly or indirectly infringed, and is not infringing, any valid and enforceable claim of the '418 patent and not induced any other party to infringe the '418 patent. There is an actual and present controversy between Datamize and Plumtree concerning the '040 patent and the '418 patent. Plumtree desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## COUNT II

### (Invalidity)

17. Plumtree incorporates by reference paragraphs 1-16 as if fully set forth herein.

18. The '040 patent is invalid for failing to satisfy the conditions of patentability under the Patent Act, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

19. The '418 patent is invalid for failing to satisfy the conditions of patentability under the Patent Act, including but not limited to 35 U.S.C. §§ 102, 103 and 112.

20. There is an actual and present controversy regarding the validity of the '040 patent and the '418 patent between Datamize and Plumtree. Plumtree desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such

determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

### PRAYER FOR RELIEF

WHEREFORE, Plumtree prays for a judgment against Datamize that:

1. Declares that Plumtree does not infringe any valid claim of the patents in suit;

2. Declares that the '040 patent and the '418 patent are invalid and unenforceable;

3. Awards Plumtree its costs and expenses of suit incurred and attorneys' fees as allowed by law; and

4. Grants Plumtree such other relief as the Court may deem proper.

Dated: July 9, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ DH Kr
David H. Kramer

Attorneys for Plaintiff
PLUMTREE SOFTWARE, INC.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plumtree hereby demands trial by jury of all issues properly triable thereby.

Dated: July 9, 2004

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ DH K
David H. Kramer

Attorneys for Plaintiff
PLUMTREE SOFTWARE, INC.